FILED

July 21 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0082

DA 15-0082

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 207N

IN THE MATTER OF R.M.W.,

     A Youth in Need of Care.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DN 12-73A
Honorable Ted O. Lympus, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Carolynn M. Fagan, Fagan Law Office, Missoula, Montana

    For Appellee:

        Timothy C. Fox, Montana Attorney General, Katie F. Schulz, Helena, Montana

        Emily Von Jentzen, Assistant Attorney General, Kalispell, Montana

        Ed Corrigan, Flathead County Attorney, Kalispell, Montana

Submitted on Briefs:  July 8, 2015
Decided:  July 21, 2015

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 A.S. (Mother) appeals the termination of her parental rights to her child, R.M.W., as ordered by the Eleventh Judicial District Court, Flathead County. Mother asserts that the District Court abused its discretion by terminating her parental rights on the basis of her noncompliance with a treatment plan that she argues was inappropriate. She suggests that her treatment plan failed to address her particular needs or to include timelines, and that the Department of Public Health and Human Services (Department) did not assist her in prioritizing and scheduling tasks. We affirm.

¶3 R.M.W. was adjudicated a youth in need of care in December 2012. A treatment plan for Mother was approved in February 2013. Mother did not object to the treatment plan. The record reflects that Mother has cognitive functioning difficulties and alcohol dependency issues. As part of her treatment plan, Mother successfully completed an inpatient treatment program at Rimrock Treatment Center. When released, however, she could not maintain sobriety, so she was terminated from outpatient treatment. The District Court held a termination hearing in December 2014, and it entered a final order terminating Mother's parental rights to R.M.W. in January 2015. Mother appeals.

¶4 We review a district court's decision to terminate parental rights for an abuse of discretion. *In re L.N.*, 2014 MT 187, ¶ 12, 375 Mont. 480, 329 P.3d 598. To terminate a

parent's rights to a child under § 41-3-609(1)(f), MCA, a district court must determine by clear and convincing evidence that (1) a court has adjudicated the child a youth in need of care, (2) the parent has not complied with or been successful at an appropriate, court-approved treatment plan, and (3) the conduct or condition rendering the parent unfit is unlikely to change within a reasonable time. Of these necessary determinations, Mother challenges on appeal only the appropriateness of her treatment plan.

¶5     Montana law requires that a treatment plan identify the problems or conditions that resulted in the abuse or neglect of the child and the treatment goals and objectives that will address those conditions. Section 41-3-443(2), MCA. "The particular problems facing both the parent and the child should also be considered in determining the appropriateness of a treatment plan." *In re T.N.-S.*, 2015 MT 117, ¶ 21, 379 Mont. 60, 347 P.3d 1263 (citing *In re M.M.*, 271 Mont. 52, 56, 894 P.2d 298, 301 (1995)). In order to appeal a district court's ruling that an approved treatment plan was appropriate, a parent must, before the district court, object to the treatment plan's goals and tasks. *See, e.g., In re H.R.*, 2012 MT 290, ¶¶ 10-11, 367 Mont. 338, 291 P.3d 583; *In re C.J.M.*, 2012 MT 137, ¶ 16, 365 Mont. 298, 280 P.3d 899.

¶6     In the February 2013 hearing in which her treatment plan was approved, Mother was represented by counsel. The Department represented to the District Court that Mother concurred with the treatment plan and that Mother had signed it. Mother made no objection. Throughout the remainder of the proceedings, up to and including the December 2014 hearing on the termination of parental rights, Mother was represented by counsel and made no objection to the appropriateness of her treatment plan. We generally do not reach issues raised for the first time on appeal. *In re T.E.*, 2002 MT 195,

3

¶ 20, 311 Mont. 148, 54 P.3d 38. Because Mother failed to object to the treatment plan in the District Court, she did not preserve this claim and we do not consider it.

¶7 Mother also argues that the Department did not adequately assist her in implementing the treatment plan. She cites *In re D.B.*, 2007 MT 246, 339 Mont. 240, 168 P.3d 691, for the proposition that, upon learning of her cognitive functioning difficulties, the Department owed Mother a special duty to assist her in prioritizing and scheduling tasks. *D.B.*, ¶ 37. Based on our review of the record, however, we are satisfied that the Department made appropriate efforts to assist Mother in completing her treatment plan. For instance, the Department provided Mother in-patient chemical dependency treatment and individualized therapy sessions. Mother retained "ultimate responsibility for complying with the plan," which she failed to do. *In re R.H.*, 250 Mont. 164, 171, 819 P.2d 152, 156 (1991).

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the appeal is resolved by the applicable standard of review. The District Court did not abuse its discretion in terminating Mother's parental rights to R.M.W., and the judgment is affirmed.

/S/ BETH BAKER

We concur:

/S/ PATRICIA COTTER
/S/ JAMES JEREMIAH SHEA
/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON